# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FOY F. AKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   **Case No. 09-4153-JAR** |
| BREWSTER PLACE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter comes before the Court on defendant Brewster Place's Motion to Dismiss (Doc. 8).[1] Plaintiff, proceeding *pro se,* filed this action pursuant to Title VII of the Civil Rights Act of 1964. He was granted leave to file *in forma pauperis.* He has not responded to defendant's motion to dismiss and the time for doing so has expired.[2]

### Background

Plaintiff filed a *pro se* form Complaint for employment discrimination cases. He marked an "x" next to certain boxes on the form, but did not write out any factual allegations in the spaces provided to do so. He marked under Item 8, "Nature of the Case," an "x" next to "termination of my employment" and "terms and conditions of my employment differ from those of similar employees." Under Item 9, "I believe that I was discriminated against because of (check all that apply)," plaintiff marked "x's" next to "my gender" and "male." Item 10 on the

---

[1]Defendant inexplicably filed two motions to dismiss that appear to be identical (Docs. 8, 11). The Court considers the earlier motion, so it finds the later motion moot.

[2]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days). Defendant filed its summary judgment motion on January 22, 2010. The response was therefore due on February 15, 2010. *See id.*; Fed. R. Civ. P. 6.

form Complaint specifically directs plaintiff to state the essential facts of the case. This section is blank. Likewise, plaintiff did not mark an "x" next to any of the options listed under "Request for Relief."

*Standard*

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[3] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[5] but requires more than "a sheer possibility."[6]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[7] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

The Supreme Court recently explained the analysis as a two-step process. For the

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[5] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[6] *Id.*

[7] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* (citing *Twombly*, 550 U.S. at 556).

purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[9] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[10] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

### Discussion

Plaintiff has not responded to defendant's motion to dismiss, leaving defendant's motion uncontested. If a "respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion and ordinarily will be granted without further notice."[13] As a result of plaintiff's failure to respond, the Court grants defendant's motion.

The Court also grants defendant's motion to dismiss because plaintiff fails to state a claim upon which relief can be granted. Plaintiff alleges absolutely no factual basis for his Title VII claim. Accordingly, this Court is unable to conclude that plaintiff's claim is plausible on its face. Also, Rule 8(a)(3) requires a Complaint to set forth "a demand for the relief sought, which

---

[9]*Ashcroft*, – U.S. –, 129 S. Ct. at 1949-50.

[10]*Id.* at 1950.

[11]*Id.*

[12]*Id.* at 1949.

[13]D. Kan. R. 7.4.

may include relief in the alternative or different types of relief." Plaintiff made no attempt to set forth a claim for relief in his Complaint.

Defendant further claims in the motion to dismiss that plaintiff's former employer is "The Congregational Home," not Brewster Place; therefore, dismissal is warranted under Rules 12(b)(5) and 12(b)(7). The Court agrees that if The Congregational Home is plaintiff's former employer, this Complaint should also be dismissed for failure to join an indispensable party and for insufficient service of process.

**IT IS THEREFORE ORDERED BY THE COURT** that Brewster Place's Motion to Dismiss (Doc. 8) is granted. The Court, therefore, finds Brewster Place's later-filed motion to dismiss (Doc. 11) moot.

Dated: March 2, 2010

    S/ Julie A. Robinson_____
    JULIE A. ROBINSON
    UNITED STATES DISTRICT JUDGE